*Dernier v. U.S. Bank National Ass'n*, No. 144-3-11 Wrcv (DiMauro, J., Jan. 26, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                    CIVIL DIVISION
Windsor Unit                                      Docket No. 144-3-11 Wrcv


PETER DERNIER &
NICOLE DERNIER,
          Plaintiffs

v.

U.S. BANK NATIONAL ASS'N,
as Trustee for CSMC Mortgage-Backed
Pass-Through Certificates, Series 2006-3,
          Defendant


### OPINION AND ORDER RE: MOTION FOR SUMMARY JUDGMENT (#12)

The Defendant, U.S. Bank National Association, has moved for summary judgment. The Plaintiffs, Peter and Nicole Dernier, oppose the motion. Upon review of submitted briefs and supporting statements of facts, the Defendant's motion is denied.

### Procedural History

This is a declaratory judgment action between the Plaintiff homeowners and the Defendant bank, filed by the Plaintiffs on March 23, 2011 and seeking a declaration of the Defendant's rights to enforce the Plaintiffs' mortgage and promissory note. On October 20, 2011, the Plaintiffs moved for leave to file a second amended complaint. On June 12, 2012, the court denied the Plaintiffs' motion and granted the Defendant's motion to dismiss. The Plaintiffs appealed the dismissal to the Vermont Supreme Court as *Dernier v. Mortgage Network, Inc.*, 2013 VT 96, 195 Vt. 113. On appeal, the Court affirmed the court's dismissal as to some issues in the Plaintiffs' second amended complaint and reversed and remanded as to others. It is now before this court on remand.

On December 1, 2014, the Defendant moved for summary judgment on the remaining issues. On January 5, 2015, the Plaintiffs responded. This decision follows.

The Defendant is represented by Andre D. Bouffard, Esq. The Plaintiff is represented by Russell D. Barr, Esq.

### Summary Judgment Standard

Under Vermont Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). When ruling on a motion for summary

judgment, the court must take the evidence in a light most favorable to the party opposed to summary judgment. Summary judgment must not be utilized as a substitute for a determination on the merits of the claims if there is any evidence presented by the party opposed to summary judgment that creates an issue of material fact. The trial court must not consider the relative weight of the evidence. *Fritzeen v. Trudell Consulting Engineers, Inc.*, 170 Vt. 632 (2000). It is not the function of the trial court to make findings of fact in connection with a motion for summary judgment even where the record appears to lean strongly in one direction. *Booska v. Hubbard Insurance Agency, Inc.*, 160 Vt. 305, 309 (1993). The court must resolve all doubts in favor of the non-moving party. *Dillon v. Champion Jog Bra, Inc.*, 175 Vt. 1 (2002). The court must allow the non-moving party the benefit of all reasonable doubts and inferences. *Foster & Gridley v. Winner*, 169 Vt. 621 (1999).

In ruling on a motion for summary judgment, the court must regard all properly supported allegations of fact presented by the party opposed to summary judgment as true. *Mellin v. Flood Brook Union School Dist.*, 173 Vt. 202 (2001). The party opposed to summary judgment may not rest on the allegations in the pleadings to rebut credible documentary evidence or affidavits. *Gore v. Green Mountain Lakes, Inc*. 140 Vt. 262 (1981). Where a witness gives contradictory or internally inconsistent testimony the court will construe the testimony in a light most favorable to the party opposed to summary judgment.

Facts

The factual basis for this order is derived from the Plaintiffs' and the Defendant's statements of facts. Many of the facts alleged by both parties are not material to the dispute or are material only to issues already disposed of by the Supreme Court. Accordingly, this is a redacted recitation of facts.

1. On October 7, 2005, Plaintiff Peter Dernier executed a promissory note for $245,250.00, naming Kittridge Mortgage Corporation as lender.

2. There is a version of the promissory note that bears one indorsement, from Kittridge Mortgage Corporation to Mortgage Network, Inc. (Plaintiffs' Exhibit A).

3. There is a version of the promissory note that purportedly bears two indorsements, one from Kittridge Mortgage Corporation to Mortgage Network, Inc., and one from Mortgage Network, Inc. in blank. (Plaintiffs' Exhibit 5).

4. The alleged indorsement from Mortgage Network, Inc. in blank is an affixed stamp which reads:

> Pay to the order of **
> Without Recourse_____
> Mortgage Network, Inc.
> By:    Chad M. Goodwin
>          Pipeline Manager

5. A signature is superimposed over the stamp.

6. The authenticity of this signature is disputed. The Plaintiffs have supplied an affidavit of a Chad M. Goodwin, stating that he was an employee of Mortgage Network, Inc. from 2000 to 2013, and that the signature superimposed over the stamp is not his signature. The affidavit was subscribed and sworn before a notary public in the State of Maine. (Plaintiffs' Exhibit U).

7. There is, according to the Defendant, a version of the promissory note which bears a specific indorsement from Mortgage Network, Inc. to the Defendant rather than an indorsement in blank. This version of the promissory note was not attached to the motion and for that reason is disregarded by the court.[1]

8. On October 7, 2005, the Plaintiffs also executed a mortgage deed to Kittridge Mortgage Corporation.

9. The mortgage was assigned from Kittridge Mortgage Corporation to Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Network, Inc., and from Mortgage Electronic Registration Systems, Inc. to the Defendant, by August 5, 2013 at the latest.

10. The Defendant, directly or through its agents, has possession of the note and mortgage.

11. Mortgage Network, Inc. has disclaimed its interest, if any, in the Plaintiffs' mortgage loan.

<u>Discussion</u>

As noted, this case was previously appealed to the Vermont Supreme Court as *Dernier v. Mortgage Network, Inc*. On remand, the sole question before this court is whether the Defendant presently lacks the right to enforce the Plaintiffs' promissory note because the note was stolen.

Promissory notes are governed by the Uniform Commercial Code as adopted in Vermont, codified as Title 9A of the Vermont Statutes. Generally, a person is entitled to enforce a negotiable instrument if they have possession of the instrument and the instrument is payable to them. 9A V.S.A. § 3-301. In the case of a bearer instrument, transfer of possession of the instrument, whether voluntary or involuntary, is sufficient by itself to constitute a negotiation making the transferee a holder entitled to enforce the instrument. § 3-201.

For the purposes of this motion, the Plaintiffs do not challenge the Defendant's actual possession of the note, though of course, the Defendant would have to prove possession of the note in order to enforce it at any further proceeding. Rather, the Plaintiffs allege that the instrument was not properly negotiated to the Defendant because the indorsement in blank affixed to the note is a forgery. Essentially, the Plaintiffs rely on § 3-305(c), which states that "an obligor is not obliged to pay the instrument if the person seeking enforcement of the instrument

---

[1] The discussion below would be no different even if this alleged version of the note were considered.

does not have the rights of a holder in due course and the obligor proves that the instrument is a lost or stolen instrument." § 3-305(c). On summary judgment, this court therefore looks to whether the Plaintiffs have offered sufficient evidence to prove that the instrument is a lost or stolen instrument.[2]

Although Vermont's § 3-305(c) adopts the language of the Uniform Commercial Code without alteration, there is surprisingly little guidance on this particular clause from any jurisdiction. In *Mbaku v. Bank of America,* the District of Colorado cited this section only to place the burden of proof on the party resisting enforcement to prove that a note is lost or stolen. *Mbaku v. Bank of America*, Docket No. 12-cv-00190-PAB-KLM, 2014 WL 4099313, at *7 (D. Colo. Aug. 20, 20140). In *Sepehry-Fard v. MB Financial Services*, the Northern District of California cited this clause only to reject its application on standing grounds. *Sepehry-Fard v. MB Financial Services*, Docket No. C 13-02784 JSW, 2014 WL 122436, at *4 (N.D. Cal. Jan. 13, 2014). The remaining cases either refer to § 3-305(c) in passing or deal with the more complicated issue of whether an obligor is a holder in due course. Accordingly, the court's application of § 3-305(c) to this context is a matter of first impression in the truest sense.

As an initial matter, the court notes that the official comment's only reference to this clause of § 3-305(c) illustrates a completely different situation. Namely, the official comment states that "[t]he last sentence of subsection (c) allows the issuer of an instrument such as a cashier's check to refuse payment in the rare case in which the issuer can prove that the instrument is a lost or stolen instrument and the person seeking enforcement does not have rights of a holder in due course." § 3-305(c), official comment at 4. Nevertheless, because the language of the statute itself is broad, the court concludes for the clause can apply to this case.

The question, then, is whether the Plaintiffs can sufficiently show that the note was lost or stolen so as to survive summary judgment. The court concludes that the Plaintiffs have made such a showing.

Although the Plaintiffs have offered no direct evidence that the note was stolen, they have offered the affidavit of a Chad M. Goodwin, swearing that he is a former employee of Mortgage Network, Inc. and that the signature on the indorsement is not his own. Taken in the light most favorable to the Plaintiffs, a finder of fact could conclude that the indorsement was forged, and that, therefore, the note is not a bearer instrument. Further, a finder of fact could infer that because the indorsment was forged, the Defendant's possession of the note is wrongful. In such an eventuality, Mortgage Network, Inc. would have the right to enforce the note, not the Defendants.

In opposition, the Defendant has offered a reasonable argument for enforcement notwithstanding the allegedly irregular indorsement. It is true that, under § 3-403, an unauthorized or forged signature is nevertheless good "as the signature of the unauthorized

---

[2] The Defendant could also ultimately prevail by showing that they are a holder in due course. However, the Plaintiffs allege that the Defendant has refused to disclose through the discovery process any evidence regarding their negotiation for the Plaintiffs' note. Accordingly, the court assumes for the purposes of this motion that the Defendant is not a holder in due course.

signer," and thus, so long as the forger was another agent of Mortgage Network, Inc., the indorsement in blank would still be valid. § 3-403(a). It is also true that a forged signature "can be ratified for all purposes of [Article 3]." § 3-403(a). However, the standard for summary judgment is clear that "summary judgment is improper where the evidence is subject to conflicting interpretations, regardless of a judge's perceptions of the comparative plausibility of facts offered by either party or the likelihood that a party might prevail at trial." *Provost v. Fletcher Allen Health Care, Inc.*, 2005 VT 115, ¶ 15, 179 Vt. 545. Accordingly, the Defendant's motion for summary judgment must be denied in favor of a trial on the merits.

Order

The Defendant's motion for summary judgment is DENIED.

Dated at Woodstock, Vermont, this ___ day of January, 2015.

_____
Judge Theresa S. DiMauro
Superior Court Judge