## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Environmental Division Unit | ENVIRONMENTAL DIVISION<br>Docket No. 128-10-17 Vtec |

Spencer Conditional Use
& Site Plan Appeal

### Decision on Cross-Motions for Summary Judgment

Leonard Spencer ("Appellant") owns a commercial, multi-use building at 3075 Main Street in Cabot, Vermont. He applied for conditional use and site plan approval to maintain two residential apartments on the second floor of his building. When his application was denied by the Town of Cabot Zoning Board of Adjustment ("ZBA"), he filed a timely appeal with this Court.

Appellant is being assisted in this appeal by his attorney, Oliver L. Twombly, Esq. The Town of Cabot ("Town") is represented by its attorney, Michael J. Tarrant, II, Esq. No other person or entity has entered an appearance in this appeal.

Appellant filed a Statement of Questions, listing three Questions; the third Question has five sub-parts that mostly relate to Appellant's request for conditional use approval. Presently before the Court are the parties' cross-motions for summary judgment addressing Questions 1 and 2 and, with respect to the Town's motion, Question 3(e).

### Standard of Review

Pursuant to V.R.C.P. 56(a), we will grant summary judgment to a party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). In determining whether there is any dispute over a material fact, "we accept as true [all] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted). When considering cross-motions for summary judgment, the Court considers each motion individually and gives the opposing party the benefit of all

reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332. With these legal standards in mind, we consider the factual and legal allegations presented by the parties.

## Factual Background

We recite the following facts solely for the purpose of deciding the pending motions for summary judgment. Our recitation here summaries the facts that we have deemed material to the legal issues raised by the parties, but should not be mistaken for factual findings, which cannot occur until after the Court conducts a trial. Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632 (2000).

1. Appellant owns the property located at 3075 Main Street in Cabot, Vermont ("the Property").

2. The Property is improved with a two-story building that has hosted multiple uses for the last thirty or more years.

3. Since at least 1988, the second floor of the building has hosted two separate residential apartments. Most recently, the first floor of the building has hosted a restaurant, a tourist room, a thrift store, and a real estate broker's office.

4. At some point prior to 1988, some or all of the first floor of the building also hosted one or two residential apartments. In fact, the entire building had at one time been used as a single-family residence. The real estate office on the first floor was originally created by the owner who last used the entire building as a residence.

5. In 2001, prior owners of the Property, Mr. and Mrs. Muench, applied for authorization to change the use of a portion of the building from "2 Residential Units Allowed (Unoccupied)" to "Office Space." See Muench change of use application (Application No. 1129), received by the Town of Cabot Zoning Administrator ("Zoning Administrator") on June 1, 2001, a copy of which was attached to the Town's Motion for Summary Judgment as Exhibit A.

6. The Zoning Administrator concluded that the requested change of use would need conditional use approval and therefore administratively denied the application. With the denial, the Zoning Administrator referred the application to the Town of Cabot Zoning Board of Adjustment ("ZBA") for its own determinations as to conditional use and site plan review.

7.     The present Zoning Administrator explains in her Second Affidavit, filed with the Court on June 8, 2018, that at the time of the Muenches' 2001 application, the ZBA followed a practice after applications were referred to it to schedule a hearing; have notice of the hearing provided to all interested persons; conduct the hearing; announce its decision at the hearing; and then to give notice of its decision through the written minutes of each hearing. The ZBA then caused the minutes reflecting its decisions to be recorded in the Town of Cabot Land Records ("Land Records").

8.     The Zoning Administrator further explains that the ZBA's determinations were recorded in volumes within the Land Records identified as the Town of Cabot Zoning Ordinance Record ("Record") and that, when the ZBA's decision was to approve an application, the Administrator would issue a zoning permit and record that permit within the Land Records in a volume dedicated to zoning permits. Id.

9.     In response to the Muenches' 2001 change of use application, the Town Land Records reveal that that the ZBA approved the application, as recorded in the Record at Vol. 1, Page 239. The resulting permit granted to the Muenches was recorded at Permit Vol. 1, Page 204. Id.[1]

10.    The Muenches then filed a second application for conditional use approval to change the existing use of the first floor of their building for a restaurant and "tourist room." See First Affidavit of the Zoning Administrator, filed on February 7, 2018, at ¶ 6 and Appellant's Affidavit, filed on May 9, 2018, at ¶ 8.

11.    The ZBA approved the Muenches' 2002 application at a hearing held on March 18, 2002. See Copy of the Muenches' 2002 application, filed with the Court on February 7, 2018 with Appellant's Motion for Summary Judgment, and labeled as Exhibit B.

---

[1]  Appellant asserts that the Muenches' 2001 application was not approved and in fact was denied. However, Appellant does not offer any evidence to refute the representations presented by the Zoning Administrator in her Second Affidavit concerning both the practice followed by the ZBA and the specific records of approval and a permit being issued and recorded in the Land Records concerning both the Muenches' 2001 change of use application and their 2002 change of use application. Given the absence of any evidentiary foundation for Appellant's assertion that the 2001 and 2002 applications were not approved, we regard the Zoning Administrator's representations to be uncontested.

12. The ZBA minutes reflecting the approval of the Muenches' 2002 application were recorded in the Land Records at Record Vol. 1, Page 242. The zoning permit issued in accordance with the 2002 ZBA approval was recorded at Permit Vol. 1, Page 280.

13. In 2015, the then-owner of Appellant's Property filed another zoning application. A copy of this 2015 application (Application No. 2029) was filed with the Court on February 7, 2018 with the Town's Motion for Summary Judgment as Exhibit C.

14. At a hearing held on October 19, 2015, the ZBA approved this 2015 application, with conditions. See Exhibit C at 2. The ZBA specifically approved the conversion of the first-floor space from a restaurant and tourist room to a "donation based thrift store, after school homework center and coffee shop." Id.

15. The 2001, 2002, and 2015 applications do not include references to or requests for approvals to use any portion of the Property as residential apartments.

16. Sometime in the spring of 2017, the Zoning Administrator received notice that Appellant was maintaining and renting out two apartments in the second floor of Appellant's building. She then sought to verify this information and researched the Town's permit records.

17. When the Zoning Administrator verified the apartment use and could not find evidence of a permit having been issued to authorize that use, she served Appellant with a notice of alleged zoning violation ("NOV"). The NOV is dated May 10, 2017 and was delivered to Appellant. A copy of the NOV was attached as Exhibit D to the Town's February 7, 2018, Motion for Summary Judgment.

18. By this NOV, the Zoning Administrator advised Appellant of the permit history she had discovered for the Property, as recited above, that she could not locate a permit authorizing the apartment use of the Property, and that she had therefore determined that he was in violation of the applicable Zoning Regulations. Id. The Zoning Administrator then directed that Appellant had "seven (7) days from the date of this letter to correct the violation[; that he] . . . must discontinue the illegal use of this building or bring the structure into compliance by acquiring the appropriate State and Local permits." Id.

19. Appellant appealed the NOV on May 15, 2017 to the ZBA. The ZBA conducted a hearing on Appellant's NOV appeal on June 26, 2017 and upheld the NOV. Appellant chose to not file an

appeal from that decision to this Court. That NOV therefore became final by operation of law on July 26, 2017.

20. On January 31, 2018, the Town filed an action against Appellant based upon the zoning violations noticed by the NOV. That action is currently pending with this Court. See Town of Cabot v. Spencer, No. 14-1-18 Vtec.

21. In response to the May 10, 2017 NOV, Appellant also filed an application for conditional use and site plan approval for the continued use of the two apartments in his building (Application No. 258). The ZBA conducted a hearing on August 21, 2017. On September 5, 2017, the ZBA issued its decision to deny Appellant's application for conditional use and site plan approval.

22. On October 4, 2017, Appellant filed a timely appeal with this Court of the ZBA decision to deny his application for conditional use and site plan approval. That appeal became the subject of this Docket: In re Spencer Conditional Use & Site Plan Appeal, No. 128-10-17 Vtec.

## Discussion

In their competing motions, the Town and Appellant each assert that they are entitled to summary judgment on the legal issues announced by Appellant's Questions 1 and 2. The Town also seeks judgment on Question 3(e), by which Appellant requests a variance authorizing the challenged rental apartments. However, in his reply memorandum of May 9, 2018, Appellant "acknowledges the well established case law on the issue of scope of review and, accordingly, withdraws Question 3(e) . . .." We therefore accept Appellant's withdrawal and strike Question 3(e) from the Questions pending in this appeal.

We start our analysis here by again noting the procedural context for the pending motions. By deciding that a party is entitled to summary judgment, a trial court is determining that the law requires that the right to a trial be taken away from the opposing party. We understand that the legal standard for granting a summary judgment motion are very high, and that is because of the importance of affording a trial to parties that truly have a dispute over material facts. Therefore, when reviewing each of the pending motions, we consider each motion individually and give the opposing party the benefit of all reasonable doubts and inferences. City of Burlington, 2009 VT 59, ¶ 5.

We also note that this Court's jurisdiction is statutorily limited. 4 V.S.A. § 34. Further, when reviewing appeals from state or municipal land use determinations, we are directed to apply the same legal standards as were applicable in the proceeding appealed from. 10 V.S.A. § 8405(h).[2] When considering an appeal of a municipal land use application, we are directed to respect the limitations of what was applied for and noticed by the municipal panel below. See In re Torres, 154 Vt. 233, 236 (1990).

When a reviewing court allows legal issues to be addressed on appeal that were not noticed or able to be considered below, that court conducts an improper review and its decision is subject to reversal. Id. (citations omitted). These legal standards have given rise to the oft-quoted precedent of the Torres decision: "that whatever [an appropriate municipal panel] might have done with an application properly before it, the superior court may also do if an appeal is duly perfected." Id. (citing In re Poole, 136 Vt. 242, 247 (1978)); see also 24 V.S.A. § 4472(a). We therefore keep these legal standards in mind as we review the legal issues presented by Appellant's Questions 1 and 2 and the legal arguments that the parties present in their respective motions.

By his Question 1, Appellant asks whether "the apartment use in the subject property [is] grandfathered or otherwise protected from zoning regulation because the use predates zoning?" Appellant's Statement of Questions, filed October 25, 2017, at 1.

This Question appears to assert that Appellant's apartment use of his Property does not require a zoning permit, even though Appellant has submitted an application for conditional use and site plan approval. If Appellant now believes that zoning approval is not required for his use, we are left to speculate as to why he submitted the pending zoning application.[3]

More importantly, what is clear from the record before us is that Appellant did not present his assertion of a grandfathered exemption from zoning requirements either in his pending application, or when he made his presentation before the ZBA. See ZBA Notice of

---

[2] The Town of Cabot has not chosen for its land use determinations to be considered on the record. We therefore only cite here to the procedural standard applicable to de novo appeals. See 24 V.S.A. § 4471(b).

[3] The record before us makes clear that Appellant filed his application for conditional use and site plan approval after receiving the Zoning Administrator's May 10, 2017 NOV and after the ZBA upheld the NOV by its June 26, 2017 decision. Appellant filed his application for conditional use and site plan approval on July 24, 2017.

Decision, dated September 5, 2017, a copy of which was attached to Appellant's Notice of Appeal, filed October 4, 2017.

Thus, the record before us reveals that Appellant is now presenting a claim to this Court that he never presented in the proceedings below. In <u>Torres</u> and its progeny, our Supreme Court has made clear that it is improper for this Court to consider applications and legal issues that have not first been presented to the appropriate municipal panel that rendered the decision now before us on appeal. Therefore, we regard Appellant's present claim that he does not need zoning approval as a wholly new request that cannot be considered in his appeal of the ZBA's denial of his application for conditional use and site plan approval.

We recognize that the Town does not specifically dispute Appellant's claim that apartments have existed at his Property for many years. However, we also note that the zoning regulations require conditional use approval for residential apartments to be used on the Property, that no such approval is evidenced in the Town zoning records, and that predecessors sought and received conditional use approval for other uses to supersede the apartment use.[4]

The record before us further reveals that Appellant was served with a NOV asserting that Appellant's apartment use was unlawful and that he did not file an appeal from the ZBA decision upholding that NOV. By allowing the NOV to remain unchallenged, Appellant caused the ZBA's determination that his apartment use was unlawful to become final; he cannot not now challenge that final determination in these subsequent proceedings. See 24 V.S.A. § 4472(b) (directing that those who fail to appeal an adverse decision to the Environmental Division "shall be bound by that decision . . . and shall not thereafter contest, either directly or indirectly" the municipal panel decision rendered against them.). We therefore conclude that whatever right Appellant may have had to claim a grandfathered status for his apartment use at his property, that right was extinguished by his failure to appeal the ZBA decision upholding the NOV. The NOV specifically

---

[4] The parties have spent much of their motions discussing the relative scope and applicability of the 2001 and 2002 permits on the Property and its potential grandfathered status. Because we conclude the issue of whether the Property has retained grandfathered status is not properly before the Court, we decline reach a conclusion on this issue presently.

alleges that the apartment use is unlawful. That decision may not now be challenged, given the finality of the ZBA's June 26, 2017 decision.[5]

We next turn our attention to Appellant's Question 2 and the parties' legal arguments addressing it. By his Question 2, Appellant asks whether the applicable statute of limitations has "run on the apartment use, i.e. has the apartment use been in effect for a period of at least 15 years prior to enforcement action taken by the Town?" Appellant's Statement of Questions at 1.

By this Question, Appellant appears to be asserting another basis for why he should not be required to secure a permit for his apartment use. As with Question 1, we conclude that Question 2 is not an appropriate legal theory to be asserting in an appeal that concerns his application for conditional use and site plan approval. We reach this conclusion because, as with his Question 1, Appellant did not present this permit exemption claim, based upon the applicable statute of limitations, in either the pending application or during his presentation to the ZBA. We cannot address Appellant's statute of limitations claim in this appeal, since this would be the first forum to consider that claim. We reiterate: Torres and its progeny bar our consideration of such a claim in the first instance in this appeal.

Both Appellant and the Town devote much of the analysis their respective legal memorandum to the statute of limitation claim. We note for clarity's sake that the applicable statute—24 V.S.A. § 4454(a)—directs that any "enforcement proceeding relating to the failure to obtain or comply with . . . any required municipal land use permit may [only] be instituted . . . within 15 years from the date the alleged violation first occurred and not thereafter . . .." This statute addresses when and whether a municipality may successfully prosecute a long-standing zoning violation, but it has no correlation to how a municipality may respond to an application for conditional use and site plan approval. Since this appeal only concerns such an application, and not a town enforcement proceeding, we conclude that 24 V.S.A. § 4454(a) has no impact upon our review of the application currently on appeal.

---

[5] We note that the Town states in its motion that it "did not object to Appellant's application for a permit in response to the [NOV] and indicated that it would not oppose Appellant raising the issue in this appeal." While the Town may not oppose the argument being raised in this forum, such a position does not negate the limited jurisdiction of this Court and the narrow focus of our review on appeal of the pending application.

We note that the Town has instituted a zoning enforcement proceeding against Appellant, based upon the NOV referenced above and the Town's allegations that Appellant's residential apartment use of his Property is unlawful. See Town of Cabot v. Spencer, No. 14-1-18 Vtec. It would seem that Appellant's failure to appeal the ZBA's decision to uphold the NOV may have some impact upon Appellant's claim that 24 V.S.A. § 4454(a) bars the Town's prosecution of that claim. However, we leave the litigation and adjudication of that claim to the enforcement proceeding, since it would be beyond this Court's jurisdiction in this appeal.

## Conclusion

For the reasons stated above, we conclude that both Questions 1 and 2 from Appellant's Statement of Questions present legal claims that are beyond the scope of this Court's jurisdiction in this appeal. We therefore **DISMISS** Questions 1 and 2. We further accept Appellant's withdrawal of his Question 3(e) and **STRIKE** that Question from his Statement of Questions.

Our determinations here leave Appellant's Questions 3(a) through (d) for adjudication at trial. We note that each of those Questions ask whether Appellant's residential apartment use of his Property conforms with the conditional use and site plan provisions of the Town of Cabot Zoning Regulations. We direct that the Court Operations Manager schedule this matter for a pre-trial conference, so that the parties may discuss with the Court the matters remaining to prepare for trial.

Electronically signed on October 23, 2018 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division