**Eric and Louise FRITZEEN and William and Constance Coates v. TRUDELL CONSULTING ENGINEERS, INC. and James Tyler Hart**

[751 A.2d 293]

No. 98-554

April 6, 2000. Plaintiffs Eric and Louise Fritzeen, et al., appeal a Chittenden Superior Court summary judgment dismissal of their negligence and breach of contract lawsuit against defendants Trudell Consulting Engineers, Inc., et al. The court concluded that Trudell's engineering work was not a factor in the decision of the Water Resources Board to reverse the grant of a wastewater permit, and thus Trudell's conduct could not be a proximate cause of the Fritzeens' alleged damages. We believe that the court misconstrued the Board's decision and that whether Trudell's conduct was a proximate cause of the alleged harm is a genuine issue of material fact. Accordingly, we reverse.

### I. Facts

The factual and procedural history of this case is long and complicated. In 1991, the Fritzeens acquired a thirty-four acre parcel of land in Colchester from Roger Villemaire with the intent to develop it into a multi-unit condominium project. Villemaire had secured a wastewater permit from the Agency of Natural Resources (ANR) for a mound septic system, designed by Trudell, for a nine unit project. However, this permit was conditioned upon obtaining an easement from a neighbor. The Fritzeens, after purchasing the parcel from Villemaire, were unable to acquire the easement. They hired Trudell to design a new on-site septic system, rather than a mound system, to obtain an ANR permit. According to the Fritzeens, Trudell assured them that its design was the only viable plan and ac-

tively discouraged consideration of any alternative septic sites. This site was near the property of neighbors, the DesLauriers. With the help of legal counsel, the Fritzeens obtained a permit. However, the DesLauriers opposed it and filed an out-of-time revocation petition with the Department of Environmental Conservation (DEC).

A two-day adversarial hearing was held before the DEC. The Fritzeens and the DesLauriers were represented by counsel. Defendant James Hart and DEC Assistant Regional Engineer Marsha Thompson testified at the hearing. In July 1993, the DEC Commissioner, referring often to Hart and Thompson's testimony, denied the neighbors' revocation petition. The Commissioner concluded that the DesLauriers did not produce sufficient evidence on any of their five appellate issues, and thus could not establish that the permit failed to comply with the Environmental Protection Rules (EPRs) or that the Fritzeens provided false or misleading information in their application to the DEC.

The DesLauriers then appealed to the Water Resources Board (Board). Again, both the Fritzeens and the DesLauriers were represented by counsel, though the Fritzeens' attorney was not the same attorney who had represented them before the ANR and the DEC. In June 1994, the Board reversed the Commissioner's decision.* The Fritzeens, through a third

---

* Although the superior court characterized the Board's disposition as a revocation of the permit, this fact is disputed by Trudell. Trudell's position is borne out by the Board's November 1994 order denying the Fritzeens' motion for a stay pending their appeal. The Board stated:

> Consistent with the Board's appellate authority to review the action of the Secretary of ANR pursuant to 3 V.S.A. § 2873(c)(4), the Board did not revoke the

attorney, subsequently filed motions to correct the Board's decision and to supplement the record of appeal. Specifically, these motions argued that important evidence, at least some of which includes Trudell's work, was not included in the record before the Board when it rendered its decision. In September 1994, the Board denied the Fritzeens' motions.

The Fritzeens subsequently retained another engineering firm to design an alternative system with different septic sites on the parcel. This alternative plan was approved by the ANR without objection from the DesLauriers, and installed.

The Fritzeens then brought this lawsuit in superior court alleging negligence and breach of contract against Trudell, claiming as damages the costs of subsequent design and construction of a new wastewater system, as well as lost profits. After discovery by both sides, Trudell moved for summary judgment, arguing that (1) the Fritzeens' predecessor attorneys were negligent in handling the proceedings before the Board and this negligence constituted an efficient intervening cause of the Fritzeens' damages; (2) the Fritzeens' predecessor attorneys' alleged negligence was imputable to the Fritzeens and that such imputed negligence exceeded that of Trudell; and (3) the Fritzeens assumed the risk of a suc-

[Fritzeens'] Water Supply and Wastewater permits . . . . Rather, the Board ordered that the decision of the Department of Environmental Conservation (DEC), the Secretary's designee, should be reversed and that this matter be remanded to the DEC for further revocation proceedings consistent with the conclusions in the Board's decision.

Accordingly, we refer to the Board's action as a reversal of the Commissioner's decision rather than a revocation of the Fritzeens' permit.

cessful revocation action by the DesLauriers when they purchased the property and authorized a septic design different from the one previously done by Trudell for Villemaire.

The court granted Trudell's summary judgment motion, concluding that the only reasonable conclusion, based upon the evidence, was that Trudell's conduct was not the proximate cause of the Fritzeens' damages. This appeal followed.

## II. Discussion

We review a grant of summary judgment with the same standard as the trial court. See *In re Margaret Susan P.*, 169 Vt. 252, 257, 733 A.2d 38, 43 (1999). Summary judgment is appropriate only where, taking the allegations of the nonmoving party as true, it is evident that there exist no genuine issues of material fact and the movant is entitled to judgment as a matter of law. See *Baisley v. Missisquoi Cemetery Ass'n*, 167 Vt. 473, 477, 708 A.2d 924, 926 (1998). "Summary judgment is not a substitute for a determination on the merits, so long as evidence has been presented which creates an issue of material fact, no matter what view the court may take of the relative weight of that evidence." *Vermont Envtl. Bd. v. Chickering*, 155 Vt. 308, 319, 583 A.2d 607, 613-14 (1990). It is not the function of the trial court to find facts on a motion for summary judgment, even if the record appears to lean strongly in one direction. See *Booska v. Hubbard Ins. Agency, Inc.*, 160 Vt. 305, 309, 627 A.2d 333, 335 (1993).

The salient material fact in this dispute is whether Trudell's work was a cause of the Board's decision to reverse the Commissioner's decision. The Fritzeens' theory of the case is that it was Trudell's negligence in designing the wastewater system that caused the alleged harm. Trudell counters that in reversing the Commissioner's decision the Board never passed judgment on Trudell's work, and

the only possible conclusion as the cause-in-fact for the reversal was the Fritzeens' failure to introduce adequate documentation before the ANR, the DEC, and the Board.

The court's summary judgment decision was predicated on its proximate cause analysis which in turn was premised on its conclusion that there was no material dispute of fact as to the basis for the Board's decision. In determining that the Fritzeens could not demonstrate proximate cause, the court found that "[The Fritzeens] are . . . in the position of suing [Trudell] on the ground that [Trudell's] work resulted in revocation of the permit, when that work was omitted and absent from the decisional database which resulted in revocation." Although the court's analysis is sound if one accepts defendant's characterization of the "decisional database," a careful reading of the Board's rulings reveals that at least some of Trudell's engineering work was relevant to the reversal of the Commissioner's decision.

For purposes of determining that the court's grant of summary judgment was premature, it is necessary to discuss only two of the five issues addressed by the Board in its decision to reverse the Commissioner's decision. In its June 1994 decision, the Board concluded that the septic system designed by Trudell did not comply with relevant Environmental Protection Regulations (EPRs) because it could not affirmatively answer these two questions:

> (1) Whether [the Fritzeens'] data demonstrate that the separation between the waste water disposal system and the impermeable silt layer complies with the requirement of the EPRs that there be at least three feet of vertical separation between the bottom of the stone and a subsoil with a percolation rate of slower than sixty minutes per inch;

> (2) Whether [the Fritzeens'] data demonstrate that the system complies with the EPR requirement that there be at least three feet of vertical separation between the system and the seasonal high groundwater level.

See EPR 7-07A(1)(e) ("All disposal systems shall have a minimum of three feet below the bottom of stone to a subsoil with a percolation rate of slower than sixty minutes per inch."); EPR 7-07A(1)(c) ("All disposal systems shall have a minimum of three feet below the bottom of stone to the seasonal high groundwater."). The Fritzeens subsequently filed motions to correct the decision and supplement the record of appeal. In September 1994, however, the Board denied both motions.

Although Trudell in the instant case accurately points out that in these motions the Fritzeens emphasized the failure of their previous counsel to place relevant engineering data before the Board, the Board's decision cannot be construed as a determination that the permit would have been approved if more documentation of Trudell's work was before it. Indeed, in its September 1994 ruling denying the Fritzeens' motions to correct the decision and supplement the record of appeal, the Board's reason for concluding that there was no "manifest error in the findings of fact, conclusions of law or order" included reliance on at least some aspects of Trudell's design.

For example, the Board explained that an affidavit proffered by the Fritzeens containing testimony from defendant Hart would not alter the Board's decision because even assuming it was now part of the record, it was not responsive to a key issue: the permeability of the silt layer. Moreover, the Board noted that the applicant had previously conceded that the silt

layer was impervious. Similarly, the Board concluded that evidence proffered by the Fritzeens containing data regarding contour differences and test pits on 1988 and 1991 maps failed to show that site-grading that allegedly took place under Trudell's design complied with the EPR requirement of a three foot minimum separation between the septic system and the seasonal high groundwater level.

It cannot be said on the basis of this record that Trudell's work was absent from the "decisional database" that resulted in the Board's reversal of the Commissioner's decision. It was therefore premature for the court to conclude as a matter of law that Trudell's conduct could not have been a proximate cause of the Fritzeens' alleged damages. "Proximate cause is ordinarily an issue to be resolved by the jury 'unless the proof is so clear that reasonable minds cannot draw different conclusions or where all reasonable minds would construe the facts and circumstances one way.'" *Roberts v. State*, 147 Vt. 160, 163, 514 A.2d 694, 696 (1986) (quoting *Schaefer v. Elswood Trailer Sales*, 516 P.2d 1168, 1170 (Idaho 1973)); see also *Rivers v. State*, 133 Vt. 11, 14, 328 A.2d 398, 400 (1974) (affirming trial court's directed verdict before case submitted to empaneled jury because no proximate cause existed). The proof and facts in this case do not lend themselves to such singular clarity. We hold that the court's resolution of this genuine issue of material fact was improper. Accordingly, we remand for further proceedings.

*Reversed and remanded.*