STATE OF VERMONT

SUPERIOR COURT                                   ENVIRONMENTAL DIVISION
                                                 Docket No. 6-1-20 Vtec

| | |
|---|---|
| Lonie Parker DBA Porky's Bkyd BBQ SP & NOV | DECISION ON MOTION |

Rita Booska (Neighbor) appeals two decisions issued by the Town of New Haven Development Review Board (DRB) to Lonie Parker d/b/a Porky's Backyard BBQ (Applicant), located at 7404 Ethan Allen Highway in New Haven, Vermont (the Property). In a decision on Applicant's motion to dismiss or for summary judgment on November 17, 2020 (2020 Decision), this Court resolved the sole question relevant to Neighbor's appeal of DRB decision No. 2019DRB-07-SP (Site Plan Appeal) by answering her Question 16 in the negative concluding that the site plan clarifications and modifications sought by Applicant need not "satisfy any of the exceptions to the permit finality requirements as required by" the Stowe Club Highlands test. See Statement of Questions; In re Lonie Parker DBA Porky's Bkyd BBQ SP & NOV, No. 6-1-20 Vtec, slip op. at 26–31 (Vt. Super. Ct. Envtl. Div. Nov. 17, 2020) (Walsh, J.) (deciding on summary judgment).

In the same decision, this Court addressed Neighbor's Questions regarding DRB decision No. 2019DRB-09-AP, which concerned a Notice of Violation (NOV) issued by the New Haven Zoning Administrator (NOV Appeal). We dismissed Neighbor's Questions 1–5, 14, and 15 for lack of subject matter jurisdiction. Id. at 31. We answered Question 9 in the affirmative concluding that uses of Applicant's pavilion past 9:00 PM constitute "events," and answered Questions 10–13 in the negative as follows: Uses of the pavilion that do not continue past 9:00 PM do not constitute "events." Interpreting the term "events" does not violate the 'Stowe Club Highlands' test, and Applicant has not exceeded 8 "events" per month. Id. Remaining before the Court are Neighbor's Questions 6–8, which are part of the NOV appeal.

Pursuant to V.R.C.P. 56(f), the 2020 Decision notified the parties that the Court was inclined to grant summary judgment to Neighbor, the nonmovant, on Questions 6–8. Id.; see V.R.C.P. 56(f); Mahan Conditional Use Application, No. 86-8-14 Vtec, slip op. at 8–9 (Vt. Super.

Ct, Envtl. Div. Feb. 19, 2015) (Walsh, J.) (giving parties notice of the Court's intent to grant summary judgment to a nonmovant and opportunity to respond).  The parties were given 30 days to respond with supplemental evidentiary material and briefing in accordance with V.R.C.P. 56, and the Court has not received any additional filings to date.  See In re Lonie Parker DBA Porky's Bkyd BBQ, No. 6-1-20 Vtec at 31 (Nov. 17, 2020).  Thus, Questions 6–8 are once again before the Court and we consider whether summary judgment is warranted.

## Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2).  When considering a motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.  In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material."  White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).  Pursuant to V.R.C.P. 56(f), the Court may grant summary judgment for a nonmovant "[a]fter giving notice and a reasonable opportunity to respond."  V.R.C.P. 56(f)(1).

## Factual Background

We recite the following facts, which we understand to be undisputed unless otherwise noted, based on the record now before us and for the sole purpose of deciding the pending motion.[1]  The following are not specific factual findings with relevance outside of this summary judgment decision.  See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14 (citing Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.)).

---

[1] Apart from ¶¶ 4–5 below, these facts are carried over from the 2020 Decision.  See In re Lonie Parker DBA Porky's Bkyd BBQ, No. 6-1-20 Vtec at 4–7 (Nov. 17, 2020).  Some facts which are no longer relevant have been removed.

1. The DRB approved Site Plan Application No. 2018DRB-08-SP (2018 Site Plan Approval), with conditions, for 7404 Ethan Allen Highway (the Property) on August 20, 2018. The Property is located in the Highway Commercial District.

2. On February 7, 2019 Applicant applied to the DRB for amendments to the 2018 Site Plan Approval to construct a 40' x 60' outdoor pavilion and other improvements on the Property.

3. On April 15, 2019, the DRB approved the amended site plan application with conditions (2019 Site Plan Approval). See In re: Jim Bourne, property owner and Lonie Parker dba Porky's Backyard Barbecue, No. 2019-DRB-02-SP, Findings and Decision (Town of New Haven Dev. Rev. Bd. Apr. 15, 2019) [hereinafter "2019 Site Plan Approval"] The 2019 Site Plan Approval was not appealed.

4. On May 1, 2019, Applicant received a zoning permit for the improvements specified in the 2019 Site Plan Approval.

5. After the 2019 Site Plan Approval, Applicant proceeded to build an outdoor pavilion on the Property. See Statement of Undisputed Material Facts ¶ 5, filed Apr. 24, 2020.

6. The 2019 Site Plan Approval includes conditions prescribing the appropriate construction of the pavilion; specifying that no liquor shall be served outdoors; and requiring compliance with local, State, and Federal permits.

7. Applicant states that it began using the outdoor pavilion in July 2019. Statement of Undisputed Material Facts ¶ 6. Neighbor denies the statement, citing lack of information, but also appears to argue that Applicant was using the pavilion as of July 23, 2019 and beyond. See Response to Statement of Undisputed Material Facts ¶¶ 6–7, filed June 3, 2020; Opposition to Appellee's Motion to Dismiss or for Summary Judgment at 8, filed May 29, 2020.

8. On July 23, 2019, the New Haven Zoning Administrator (ZA) notified Applicant that a Certificate of Occupancy (CO) was needed for the property, and that Applicant was required to comply with conditions of the DRB's 2019 Site Plan Approval in order to receive a CO.

9. On August 6, 2019, Applicant filed a request to amend or clarify the 2019 Site Plan Approval with the DRB, seeking permission to serve alcohol outside in the pavilion. See August 6, 2019

Application to Development Review Board, attached to Motion to Dismiss or for Summary Judgment [hereinafter "Amendment Application"].

10. While the site plan amendment/clarification was pending, the ZA issued an NOV to Applicant on August 23, 2019. See Notice of Violation at 1, attached to Applicant's Motion to Dismiss or for Summary Judgment [hereinafter "NOV"]. The NOV notified Applicant of three alleged violations: operating the outdoor pavilion without a CO, service of liquor in the pavilion, and events in excess of eight per month.

11. Applicant appealed the NOV to the DRB on September 4, 2019. Applicant sought to appeal (1) the use of the outdoor pavilion without a CO, (2) the service of liquor in the outdoor pavilion, and (3) argued that the event limit of eight had not been exceeded. See September 3, 2019 Application to Development Review Board, attached to Motion to Dismiss or for Summary Judgment. Applicant served liquor at the pavilion before receiving the NOV. See id.

12. On December 16, 2019, the DRB issued the Amended Site Plan Approval granting Applicant's requests. See In re: Lonie Parker dba Porky's Backyard Barbecue, No. 2019-DRB-07-SP, Findings and Decision (Town of New Haven Dev. Rev. Bd. Dec. 16, 2019) [hereinafter "Amended Site Plan Approval"]. The Amended Site Plan Approval directed Applicant to obtain a CO prior to reopening of the pavilion in May 2020 and concluded that all findings recorded in the decision were to be included as conditions in granting the approval.

13. Also on December 16, 2019, the DRB issued its decision on Applicant's appeal of the NOV. See In re: Lonie Parker dba Porky's Backyard Barbecue, No. 2019-DRB-09-AP, Findings and Decision (Town of New Haven Dev. Rev. Bd. Dec. 16, 2019) [hereinafter "NOV Decision"]. The NOV Decision stated that (1) a CO, to be issued if all conditions of the 2019 Site Plan Approval and Amended Site Plan Approval are met, must be obtained prior to any future use of the pavilion; (2) Applicants may serve liquor in the pavilion; and (3) the term "event" as used in Condition 2 of the 2019 Site Plan Approval means any activity extending beyond 9:00 pm.

14. Neighbor timely filed an appeal to this Court on January 31, 2020. The Notice of Appeal challenges both the Amended Site Plan Approval and the NOV Decision.

15. On February 14, 2020, Applicant received a CO for the 60' x 40' outdoor pavilion on the Property, which approved the development as compliant with the 2019 Site Plan Approval and the Amended Site Plan Approval. The CO approved use of the pavilion after May 1, 2020. Neighbors appealed this CO to the DRB.

16. On May 21, 2020, the DRB issued a decision affirming the issuance of a CO to Applicant for the Property.

17. On May 27, 2020, Neighbor appealed the DRB's decision regarding the CO to this Court. The CO appeal is not part of this proceeding.

## Discussion

This decision follows our partial resolution of Applicant's motion for dismissal or summary judgment as to each of Neighbor's 16 questions. See In re Lonie Parker DBA Porky's Bkyd BBQ, No. 6-1-20 Vtec (Nov. 17, 2020). Remaining before the Court are Questions 6, 7, and 8 in the NOV appeal. Applicant's motion originally sought the dismissal of Question 8 and argued that all three Questions were moot. We concluded otherwise and observed that the undisputed facts may support summary judgment in Neighbor's favor on each of the three questions. Id. at 14–18.

As we explained in the 2020 Decision, the NOV appeal concerns only whether there has been a violation of the Town of New Haven Zoning Bylaws (Bylaws) or the terms of Applicant's 2019 Site Plan Approval, as alleged in the NOV. We now consider whether the undisputed facts show that Neighbor is entitled to judgment as a matter of law with respect to the issues raised in Questions 6, 7, and 8. See V.R.C.P. 56(f)(1).

### I.     Neighbor's Questions 6 and 7

.       Neighbor's Questions 6 and 7 ask whether Applicant failed to obtain a Certificate of Occupancy (CO) prior to operating the pavilion and whether Applicant violated § 320 of the Town of New Haven Bylaws (bylaws) by operating the pavilion without a CO. See Statement of Questions. The NOV alleges that Applicant violated the Bylaws by using the pavilion without a CO. See NOV at 1.

In its motion to dismiss or for summary judgment, Applicant asserted that Questions 6 and 7 are moot because Applicant eventually obtained a CO and thus there is no ongoing violation. In the 2020 Decision, we recognized that Applicant took steps to obtain a CO and thereby curb the alleged violation, however we explained that "remedial acts do not make . . . past zoning transgression[s] evaporate." In re Lonie Parker DBA Porky's Bkyd BBQ, No. 6-1-20 Vtec at 14 (Nov. 17, 2020) (quoting In re Cote Notice of Violation, No. 165-8-07 Vtec, slip op. at 3 (Vt. Envtl. Ct. Dec. 05, 2007) (Durkin, J.)). The two issues raised by Questions 6 and 7 remain: whether Applicant operated the pavilion before obtaining a CO, and whether Applicant committed a violation by operating the pavilion without a CO.

As to the first issue, the record before us shows that Applicant received approval for its pavilion on April 15, 2019, when the DRB approved the 2019 Site Plan. According to Applicant's own statement of undisputed facts, it began using the pavilion in July 2019. Applicant received an NOV, which stated that a CO was required, on August 23, 2019. The record also shows that Applicant did not receive a CO until February 2020. We therefore conclude that Applicant used the outdoor pavilion before receiving a CO.[2]

As to the second issue, the Bylaws state that use or occupancy of any structure is unlawful "unless a Certificate of Occupancy has been issued therefore by the Administrative Officer stating that the proposed use of the land or structure conforms to the provisions of these regulations." Bylaws § 320. A "structure" is defined by the Bylaws as "anything constructed, erected, or placed on property, the use of which requires location on the ground, or attachment to something located on the ground." Bylaws § 130. The undisputed facts show that the outdoor pavilion was built on the Property, therefore it falls within the definition of a structure. See id. Applicant was required under § 320 to obtain a CO prior to commencing operations, and it is undisputed that the pavilion was used before the CO was issued on February 14, 2020. Thus, Applicant committed a violation. See Bylaws § 320.

---

[2] In Applicant's response to interrogatories, Applicant details numerous functions, from to August 23, 2019 until October 2, 2019, that were held at the outdoor pavilion. See Applicant's Answers to Neighbor's Interrogatories and Requests to Produce at 3–5, attached to Opposition to Motion to Dismiss or for Summary Judgment.

Because the record and the undisputed facts show that Applicant began operating the pavilion before receiving a CO, in contravention of the Bylaws, we conclude that Neighbor is entitled to summary judgment on Questions 6 and 7. See V.R.C.P. 56(a); V.R.C.P. 56(f)(1). We answer both Questions in the affirmative. See Statement of Questions.

II.     Neighbor's Question 8

Neighbor's Question 8 asks: "Whether [Applicant] violated Finding 7, p. 3 and /Condition [sic] l, p. 4 of the April 15, 2019 Amended Site Plan by serving liquor in connection with the operation of the pavilion." Statement of Questions.

Applicant previously argued (1) that this Court lacks subject matter jurisdiction over Question 8, (2) that Applicant possessed all necessary State liquor permits, and (3) that the Question is moot because the DRB subsequently approved the service of liquor at the pavilion. This Court's 2020 Decision concluded otherwise, explaining that the question whether Applicant violated a permit condition regarding service of liquor is distinct from the question whether Applicant complied with State liquor laws, and furthermore that a subsequent DRB approval does not eliminate past violations. See In re Lonie Parker DBA Porky's Bkyd BBQ, No. 6-1-20 Vtec at 16–17 (Nov. 17, 2020).

Finding No. 7 of the 2019 Site Plan Approval incorporates the conditions already in effect from the 2018 Site Plan Approval, including a condition on liquor: "[f]or some events . . . [Applicant] will have outdoor consumption of beer/wine. There will be no liquor served." See 2019 Site Plan Approval at 3.[3] The 2019 Site Plan Approval was never appealed, and Applicant was bound by its terms. See 24 V.S.A. § 4472(d); see also In re Lonie Parker DBA Porky's Bkyd BBQ, No. 6-1-20 Vtec at 17 (Nov. 17, 2020). The question remains whether Applicant violated the terms of its site plan permit by serving liquor at the pavilion.

The undisputed facts show that Applicant served liquor at the pavilion prior to receiving the NOV, and prior to the DRB's adjustment of the condition on liquor. As the condition prohibiting liquor was in effect when Applicant served liquor, we conclude that Applicant violated

---

[3] Condition 1 of the approval also states: "All findings as recorded in . . . this decision are included as conditions in the granting of this approval." 2019 Site Plan Approval at 4.

the terms of the 2019 Site Plan Approval.  For the reasons above, we conclude that Neighbor is entitled to summary judgment on Question 8, and we answer the Question in the affirmative. See V.R.C.P. 56(a); V.R.C.P. 56(f)(1); Statement of Questions.

## Conclusion

For the foregoing reasons, we **GRANT** summary judgment to Neighbor on Questions 6, 7, and 8. See V.R.C.P. 56(a); V.R.C.P. 56(f)(1).  All three Questions are answered in the affirmative, as follows: Applicant violated Bylaws § 320 by operating the pavilion without a CO (Questions 6 and 7) and served liquor at the pavilion in violation of the 2019 Site Plan Approval (Question 8).  This concludes current proceedings before the Court.

A Judgment Order is issued concurrently with this decision.

Electronically Signed:  2/11/2021 9:41 AM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

8