VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 20-ENV-00015



| | |
|---|---|
| In re: Brownell/LaMarche Discretionary Permit | **DECISION ON MOTION** |

Appellants Craig and Chiuho Sampson (Appellants) seek partial summary judgment in this appeal, pursuant to 24 V.S.A. § 4471, of a decision made by the Town of Williston's Development Review Board (DRB).  In its October 15, 2020 decision, the DRB approved a discretionary permit application submitted by Applicants Randee Brownell and Jo LaMarche (Applicants) for a 4-lot subdivision.  The proposed development (the Project) would subdivide a portion of the property at 4354 South Brownell Road, Williston, VT, creating three residential lots with access to the Project along Rosewood Drive.  Appellants are residents of Rosewood Drive and oppose the Project at least in part because of concerns over the planned use of Rosewood Drive to access the Project.  Appellants seek judgment as a matter of law on Questions 1 and 2 of their Statement of Questions which regard access to the Project from the intersection of State Route 116 and Rosewood Drive.

Appellants are represented by Attorney Alexander J. LaRosa and Attorney Elizabeth J. Filosa.  Applicants oppose the motion for summary judgment and are represented by Attorney Brian P. Hehir.

### Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

1

matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5. The nonmoving party "receives the benefit of all reasonable doubts and inferences," but must respond with more than unsupported allegations in order to show that material facts are in dispute. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. For the purposes of the motion, the Court "will accept as true the allegations made in opposition to . . . summary judgment, so long as they are supported by affidavits or other evidentiary material." Id.; Pettersen v. Monahan Safar Ducham, PLLC, 2021 VT 16, ¶ 9.

## Findings of Fact

After reviewing the facts proposed in the parties' filings, the Court finds the following to be undisputed. The facts set out below do not constitute factual findings with relevance outside of this summary judgment decision. See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14 (citing Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.)). The Court relies on these facts for the sole purpose of deciding on the request for summary judgment.

1. Appellants Craig and Chiuho Sampson own and reside on property located at 120 Rosewood Drive in Williston, VT.

2. Applicants Randee Brownell and Jo LaMarche own and reside on property located at 4354 South Brownell Road in Williston, VT (the Property).

3. The Property is about 51 acres and abuts Appellants' property to the north and east. Applicants reside in an existing dwelling on the Property and access their residence through an existing driveway to South Brownell Road.

4. Applicants applied to the Town of Williston's Development Review Board for a discretionary permit to subdivide the Property into 4 lots, with three lots to be residential and one lot reserved as open space (the Project).

5. Applicants would like to provide access along Rosewood Drive to two of the residences in the Project. Rosewood Drive is a private, dead-end, residential road that is only accessible from State Route 116. Rosewood Drive travels across the Shelburne-Williston town line.

2

6. While all of the proposed lots in the Project are in the Williston, the intersection of Rosewood Drive and State Route 116 is in Shelburne, VT.

7. Both Rosewood Drive and South Brownell Road intersect with State Route 116. The speed limit on South Brownell Road is 40-mph. At the intersection of Rosewood Drive and State Route 116, the speed limit is 50-mph on State Route 116.

8. The sight distance at the intersection of Rosewood Drive and State Route 116 when looking west is 340 feet. When looking east, the sight distance at the intersection is 520 feet.

9. The Vermont Agency of Transportation (VTrans) Access Management Guidelines list 555 feet as the minimum sight distance for a 50-mph highway.

10. In a "Jurisdictional Opinion" from VTrans on March 19, 2020, Permit Coordinator James Clancy stated that the "access meets VTrans minimum standards" and the "safety concern for inadequate corner sight distance looking west is mitigated by a warning sign." Applicants' Exhibit 2.

11. Rosewood Drive intersects with State Route 116 in a section of the state highway that contains a hill sloping downward from west to east and trees that can obscure the view of State Route 116.

12. The Town of Williston's Development Review Board issued a Notice of Decision approving Applicants' discretionary permit on October 15, 2020.

## Discussion

In their motion for partial summary judgment on Questions 1 and 2 of the Statement of Questions, Appellants ask for a declaration as to whether the intersection of Rosewood Drive and Route 116 in Shelburne, the proposed point of access for the Project, complies with Williston Zoning Bylaws (Williston Bylaws). Specifically, Questions 1 and 2 ask:

1. Do Applicants Randee Brownell and Jo LaMarche ("Applicants") satisfy Williston Zoning Bylaw Chapter 13 relevant to access, [which] generally requires that all "developments have safe, adequate, legal access to a public or private road?"

2. Do Applicants satisfy Williston Zoning Bylaw § 13.2.3.3 relevant to sight distances?

Appellants argue that the Project fails to satisfy the Williston Bylaws because the existing sight distances for the access point on Rosewood Drive fall short of the minimum distance set by VTrans in the Access Management Program Guidelines, and the Williston Bylaws mandate compliance with that minimum. In seeking a grant of summary judgment on Questions 1 and 2, Appellants also seek a judgment that the Town of Williston should have denied Applicant's request for a discretionary permit for failure to provide access in the manner required by the Williston Bylaws. Demonstrating Williston's jurisdiction over the proposed access point in Shelburne is consequently critical as a threshold matter to the motion and requested relief.

The Court denies Appellants' motion for summary judgment for failure to establish that the Williston Bylaws apply to the Shelburne intersection of Rosewood Drive and Route 116. Appellants focus the motion narrowly on the proposed access point, asserting facts to demonstrate the ways in which it does not comply with Williston Bylaws, but provide neither factual nor legal support for how Williston could have jurisdiction over an intersection outside its town line. It is unnecessary for the Court to consider Appellants' arguments, nor Applicants' opposition to them, regarding the interpretation of a set of regulations which have not been shown to apply to the part of the Project at issue. Appellants failed to demonstrate this material element of their claim, and judgment as a matter of law is not appropriate.

## Conclusion

For the foregoing reasons, the Court **DENIES** Appellant's motion for partial summary judgment on Questions 1 and 2.


Electronically Signed: 11/1/2021 11:21 AM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

4