VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-29



---

## Fife Jurisdictional Opinion (#4-351) Appeal

### ENTRY REGARDING MOTIONS

Motion #1:    Motion for Summary Judgment

Filer:    Alexander J. LaRosa, Attorney for Appellant, John Fife

Filed Date:    June 15, 2023

Opposition to Appellant's Motion for Summary Judgment, filed on July 31, 2023, by Jenny E. Ronis, Attorney for the Vermont Natural Resources Board

………………………………………………………………………………………………………

Motion #2:    Cross Motion for Summary Judgment

Filer:    Jenny E. Ronis, Attorney for the Vermont Natural Resources Board

Filed Date:    March 16, 2023

Opposition to NRB's Cross-Motion for Summary Judgment, filed on August 31, 2023, by Alexander LaRosa, Attorney for Appellant, John Fife

Reply to Appellant's Response to Cross-Motion for Summary Judgment, filed on September 7, 2023, by Jenny Ronis, Attorney for the NRB.

**Appellant's motion is DENIED; NRB's motion is GRANTED.**

In 2022, John Fife ("Appellant") commenced reconstruction of a single-family home located at 377 Cobblestone Ct. in South Burlington, Vermont ("the Property").  The Property is subject to Act 250 Permit #4C1013R.  In February 2023, the Vermont Natural Resources Board ("NRB") issued a notice of alleged violation to Appellant, alleging that material changes were made to the Property without first receiving a necessary Act 250 permit amendment.  In response, Appellant requested a jurisdictional opinion that his improvements to the Property did not require a permit amendment. The District #4 Commission Coordinator issued Jurisdictional Opinion # 4-351 on March 10, 2023, determining that Appellant's improvements constituted a material change to the development authorized by the Property's existing Act 250 permit, and thus required a permit amendment (the

"JO"). Appellant appealed the JO to this Court. Presently before the Court are the parties' cross-motions for summary judgment.

Appellant presents one question on appeal. It asks: "Does the renovation and reconstruction of a single-family residence located at 377 Cobblestone Ct. in South Burlington constitute a change to a permitted development (LUP 4C1013R) such that an Act 250 permit amendment is required?" Appellant's Statement of Questions, filed on April 18, 2023, at 1.

## Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). When considering a motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. When considering cross-motions for summary judgment, the Court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332. In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

## Undisputed Material Facts

We recite the following factual background and procedural history, which we understand to be undisputed unless otherwise noted, based on the record now before us and for the purpose of deciding the pending motions. The following are not specific factual findings relevant outside the scope of this decision on the pending motions. See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14 (citing Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.)).

1. John Fife owns property at 377 Cobblestone Ct., South Burlington, Vermont (previously defined as the "Property").

2. The Property is subject to Act 250 Permit 4C1013R issued on December 4, 2000, (the "2000 Permit") by the District # 4 Environmental Commission.

3. The 2000 Permit incorporates all findings of fact and conclusions of law issued by the District # 4 Environmental Commission ("District Commission"), including the factual finding that the single family dwellings in the development will be two story structures. See Appellant's Exhibit 5, filed on

June 15, 2023. This Exhibit 5 includes copies of the 2000 Permit and the Findings of Fact, Conclusions of Law, and Order upon which the Permit is based. Finding No. 66 of the Findings (found on page 16 of the Findings, which is on page 24 of Exhibit 5), states that "[t]he proposed single-family dwellings will be two story structures ([containing] 2000-2400 sf)…."

4. Pursuant to the 2000 Permit, a single-family home was constructed on the Property (the "Old Home").

5. The Old Home consisted of two stories of livable space, as well as an unfinished basement and attic.

6. In 2022, Appellant began reconstructing the Old Home into a new home with more livable space (the "New Home").

7. Appellant did not seek or obtain an Act 250 permit amendment prior to reconstruction of the New Home.

8. Appellant made several improvements during reconstruction including excavating under the existing garage to create a furnished basement, adding a second floor above the garage, and framing a new roof to allow for livable space at the top level of the house (the "Improvements").

9. The New Home has four stories, including a finished basement and an attic that contains three additional bedrooms and a bathroom.

10. The New Home has approximately 1,500 square feet more living area than the Old Home. Affidavit of Douglas Viehmann, filed June 15, 2023, at ¶ 11.

### Conclusions of Law

Appellant moves for summary judgment on the grounds that the Improvements do not constitute a material change to the 2000 Permit. Specifically, Appellant argues that the reconstructed house has the same footprint as the old house, as well as the same height and color palate, such that the changes are neither cognizable nor significant. Conversely, the NRB argues that there is a material change because the reconstruction increased the number of stories beyond the two-story limitation set forth in the 2000 Permit. For the following reasons, we agree with the NRB.

A permit amendment shall be required for any material change to a permitted development or subdivision. Act 250 Rules, Rule 35(A). A "material change" is defined as "any cognizable change to a development or subdivision… which has a significant impact on any finding, conclusion, term or condition of the project's permit…" Act 250 Rules, Rule 2(C)(6). A change is cognizable if it involves a physical alteration or change in use. In re Request for Jurisdictional Opinion re Changes in Physical Structures and Use at Burlington Int'l Airport for F-35A, 2015 VT 10, ¶ 25, 198 Vt. 510. To determine

whether an alteration took place, we look at whether the activity or physical change was contemplated as part of the initially approved project.  Id.  If there is a departure from the original permit, we then look at whether the change has the potential to significantly impact any finding or condition of the permit or any of the Act 250 criteria.  Id.

Factual Finding 66 states that "[t]he proposed single-family dwellings will be two story structures…."  The Van Stricklen Limited Partnership, Findings of Fact, Conclusions of Law and Order, dated December 4, 2000, at ¶ 66, p. 16, a copy of which was included in Exhibit 5 to Appellant's Statement of Material Facts, filed June 15, 2023.

There is no genuine dispute that Appellant added an additional story to the home and that the New Home is more than two stories.  See Appellant's Exhibit 1 to the Affidavit of Douglas Viehmann (showing the proposed reconstruction as being four stories including the basement as a story of livable space).

This change is cognizable because it required physical alterations to the home that were not contemplated in the 2000 Permit.  Further, this change has a significant impact on Factual Finding 66 because it is in direct conflict therewith.  Factual Finding 66 states that the home will be two stories.  The uncontroverted evidence shows that the New Home is more than two stories.[1]  Accordingly, this is a material change that requires a permit amendment as a matter of law.[2]

### Conclusion

For the foregoing reasons, we conclude that there is no genuine dispute of material fact concerning the increased number of stories in Appellant's newly reconstructed house.  Factual Finding 66, as incorporated by Condition Two of the 2000 Permit, requires all single-family dwellings to be two story structures.  Despite Appellant's assertion to the contrary, the uncontroverted evidence shows that the New House is no longer two stories.  Accordingly, we **DENY** Appellant's motion for summary judgment and **GRANT** the NRB's motion.

A Judgment Order accompanies this Entry Order.  This completes the current proceedings before this Court concerning this appeal.

---

[1] Appellant argues that the reconstruction conforms with Factual Finding 66 because the New Home retains a technical two-story construction, as viewed from the outside.  While this assertion may be relevant in the context of a permit amendment application, because it is undisputed the New Home is more than two stories as specifically stated in Factual Finding 66, it is irrelevant to the Court's conclusion that Appellant's improvements constituted a material change necessitating a permit amendment.

[2] Having reached this conclusion, we need not address other improvements to the Property that the parties' dispute give rise to a material change.

**So Ordered.**

Electronically signed at Newfane, Vermont on Thursday, October 26, 2023, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division