VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00040
Docket No. 23-ENV-00039



| Clark CU & AU Appeal |
|---|

## ENTRY ORDER

Title:      Motion to Reconsider or Alter (Motion: 10)
Filer:      Claudine C. Safar, Esq.
Filed Date:    July 5, 2024

Appellant/Applicant Opposition to Motion, filed on July 19, 2024, by Attorneys Malachi T. Brennan and Geoffrey Hand.

Interested Parties' Reply in Support of Motion, filed on August 2, 2024, by Stephanie and Mark Atkins, Daniel Guy, Sarah Laird, Christine Fraioli, Jacquelyn Tuxill, Kristi LaFayette, Mike O'Connor and Sarah Farr.

Interested Person Marilyn Ganahl's Reply to Opposition to Motion, filed on August 5, 2024, by Attorney Safar.

**The motion is DENIED.**

In this coordinated appeal, Kyle and Katie Clark (the Clarks) appeal two decisions of the Town of Lincoln Zoning Board of Adjustment (ZBA) related to their request to site a personal aircraft landing area (PLA) at their property located at 432 Orchard Road North, Lincoln, Vermont.  In the first, the Clarks appeal a decision of the ZBA denying their application for an accessory use permit for the PLA (the Accessory Use Appeal).  In the second, the Clarks appeal a decision by the ZBA denying their application for a conditional use permit for a graded PLA (the Conditional Use Appeal).  On June 6, 2024, this Court issued a decision on the Clarks' motions for partial summary judgment in both the Accessory Use Appeal and Conditional Use Appeal and Interested Person Marily Ganahl's (Ms. Ganahl) partial cross-motion in the Conditional Use Appeal.  In re Clark CU & AU Appeal, Nos. 23-ENV-00039, 23-ENV-00040 (Vt. Super. Ct. Envtl. Div. June 6, 2024) (Walsh, J.) (the Decision).

Relevant to the pending motion, the Court granted the Clarks' motion in the Conditional Use Appeal, concluding that the proposed graded PLA use may be reviewed as a "developed recreational use" as set forth in the applicable Lincoln Zoning Regulations (LZR), in part based on the conclusion that the proposed PLA use was recreational. Id. at 13—14.

Ms. Ganahl now moves pursuant to V.R.C.P. 52(b) to reconsider or alter the Decision as it relates to the Court's conclusion that the proposed PLA constitutes, and may be reviewable as, a recreational use. Interested Persons Stephanie and Mark Atkins, Daniel Guy, Sarah Laird, Christine Fraioli, Jacquelyn Tuxill, Kristi LaFayette, Mike O'Connor and Sarah Farr (together, Interested Persons) support the motion. The Clarks oppose the motion.

The pending motion is filed pursuant to V.R.C.P. 52(b). V.R.C.P. 52(b) states that upon timely motion after judgment "the court may amend its findings or make additional findings and may amend the judgment accordingly." It is unclear whether V.R.C.P. 52(b) is applicable in the present context of a motion to reconsider or alter decision on summary judgment. See Wright & Miller, 9C Fed. Prac. & Proc. Civ. § 2582, n. 11 (3d ed) (listing cases concluding that federal Rule 52(b) motions to amend are not applicable in the context of a summary judgment decision). This makes sense because, on summary judgment, the Court does not make factual findings as such findings may only occur after trial. Id. at 2—3 (citing Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.)).[1]

The Court believes that the relevant rule to review the pending motion under would be V.R.C.P. 59(e), which courts have interpreted as relevant to motions for reconsideration. The Court has identified four basic grounds for granting Rule 59(e) motion: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in controlling law." In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, 136-8-10 Vtec, slip op. at 10—11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and

---

[1] The Court further notes that Rule 52 is in the section of V.R.C.P. entitled "Trials" and containing rules related thereto. Rule 59, however, discussed below, is in the section entitled "Judgment," which contains various rules related to judgments from the Court, which include summary judgments.

Procedure: Civil 2d § 2810.1). The Court understands that Ms. Ganahl's motion is made pursuant to prongs one and two of this standard because she does not address the later prongs. Because the Court understands the dispute between the parties on this pending motion to be largely related to the Rule 59(e) standard and the first two prongs therein, the Court will apply it to the pending motions.[2]

Motions to reconsider should not be used to "relitigate old matters" or to "raise arguments or present evidence that could have been raised prior to entry of the judgment." Appeal of Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.) (quoting Wright, Miller, & Kane, § 2810.1) (internal footnotes omitted). Therefore, disagreement between the parties or with the Court's decision is not grounds for granting such a motion. In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.).

First, Ms. Ganahl argues that the Court erred in its interpretation of LZR § 402 in concluding that the PLA is a recreational use. LZR § 402 generally addresses permitted uses within identified flood hazard areas. This includes recreational uses. LZR § 402(2). Section 402(2) includes a non-exhaustive list of what uses may be considered recreational. Section 402 further requires that identified permitted uses within identified flood hazard areas are permitted only when the use "do[es] not require the erection of structures or storage of materials or equipment . . .." LZR § 402. Because the Clarks will store airplanes on the Property in connection with the PLA, Ms. Ganahl asserts that the use is not "recreational" as defined by the LZR in § 402 and, functionally, that the Court's conclusion to the contrary was an error of law.

This assertion misstates the Court's citation of LZR § 402. The Court cited § 402 to guide its analysis as to what may be a recreational use, generally, under the LZR. As

---

[2] The Court further reaches this conclusion because the Clarks, in opposing and noting the procedural confusion set forth by the pending motion, apply the Rule 59(e) standard. Ms. Ganahl and Interested Persons do not set forth any other standard for reviewing the motion.

In any event, the Court would reach the same conclusion if it were to apply the V.R.C.P. 52(b) standard. See Burton Corp. Conditional Use, et a., Nos. 20-ENV-00010, 22-ENV-00030, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sept. 6, 2023) (Teachout, J.) (citing Gutierrez v. Ashcroft, 289 F.Supp.2d 555, 561 (D.N.J. 2003) (setting for the applicable V.R.C.P. 52(b) standard).

discussed in the Decision, there is no definition of "recreational uses" in the LZR and, therefore, the Court looked to § 402(2) for guidance as to what may be a "recreational use" under the LZR. The Court's analysis of this provision was limited to this guidance in the context of its determination that the PLA may be a recreational use, generally. The focus of LZR § 402 is regulation of flood hazard areas. The PLA is not located in a flood hazard area. Additional aspects of LZR § 402 are, therefore, irrelevant to the Court's conclusion that the type of use proposed is consistent with what the LZR has generally identified as recreational uses.[3] Thus, § 402 does not present grounds for the Court to reconsider the Decision.

Next, Ms. Ganahl's motion seeks to dispute the facts giving rise to the Court's conclusion that the PLA was a recreational use. Specifically, the pending motion seeks to relitigate Ms. Ganahl's contention that Mr. Clark's use of the PLA for occasional commuting to work purposes means that the PLA cannot be recreational in nature, despite this occasional commuting. The Court analyzed this argument and disagrees with it. Thus, the pending motion seeks to relitigate a decided issue. Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Dec. 11, 2006) (Durkin, J.). Further, there is evidence in the record to support the Court's conclusion that the proposed PLA is a recreational use as set forth in the Decision.[4] To the extent that Ms. Ganahl seeks to provide the Court will additional exhibits in support of her argument, largely based on what was presented to the Town below, she had the opportunity to do so in the context of the summary judgment motions and did not.[5] Id.

---

[3] This is further supported by a reasonable reading of § 402's prohibition on the erection of structures or storage of materials and equipment within the flood hazard area. Many of these recreational uses logically would include the construction of structures or the storage of materials (i.e., tennis courts typically include nets and fences, picnic and campgrounds include tables and grills). In a flood hazard area, however, it is logical that a town may seek to place an additional requirement that such uses may not include structures or the placement of materials that may cause hazards to the public or property during flooding events. Thus, it appears that this prohibition does not modify whether a use is recreational or not, but rather what use-related construction or storage may occur as a permitted use in flood-prone areas.

[4] The Court notes that no opposing party disputed the Clark's additional statement of undisputed material facts filed in support of their motion and the exhibits supporting those facts. This includes an affidavit of Mr. Clark regarding the use and the scope of the proposed hobby/recreation. The Court is permitted to consider these facts undisputed for the purposes of the motion. V.R.C.P. 56(e)(2). Parties may not now argue that the record is devoid of this supporting evidence.

[5] Additionally, Ms. Ganahl files an unsigned proposed lease between Mr. Clark and a third party for use of the third party's airstrip allegedly for commuting purposes. See Ex. D. Nothing within the document appears to establish that the would-be use was limited to commuting. Further, the Court does not see the relevance in this

Thus, Ms. Ganahl presents no basis for the Court to reconsider or alter the Decision[6] and the motion is **DENIED**.

Electronically signed this 15th day of August 2024 pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Vermont Superior Court, Environmental Division

---

zoning appeal of this unsigned proposed lease agreement for use of a property not at issue in this appeal. Nor does the document alter the Court's conclusion that the proposed PLA use is recreational despite occasional commuting.

[6] Interested Persons' reply in support of the motion similarly presents no grounds to reconsider the Decision. First, the Court notes that Interested Persons, either individually or as a group, did not submit any filings related to the motions for summary judgment giving rise to the Decision. They had an opportunity to present their arguments related to this issue but chose not to do so. Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Dec. 11, 2006) (Durkin, J.). Because Interested Persons appear self-represented in this matter, the Court has reviewed their filing despite this and conclude they fail to raise grounds to reconsider or alter the Decision.