VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 2-1-20 Vtec



| Suburban Propane, LP A250 Denial |
|---|

## ENTRY REGARDING MOTION

Title:          Motion for Partial Summary Judgment and Request for a Partial Remand

Filer:          Evan P. Meenan, attorney for the Vermont Natural Resources Board

Filed Date:     July 28, 2020

Reply in Support of the Natural Resource Board's Motion for Partial Summary Judgment and Request for Partial Remand filed on August 11, 2020, by Allan J. Sullivan, attorney for Benjamin Weiss, Sanfra Weiss, and Weiss Properties, LLC.[1]

Reply in Support of the Natural Resource Board's Motion for Partial Summary Judgment and Request for Partial Remand filed on August 14, 2020, by Merrill E. Bent, Esq., attorney for the Town of Manchester.

Reply in Opposition to the Natural Resource Board's Motion for Partial Summary Judgment and Request for Partial Remand filed on September 24, 2020, by Christopher D. Roy Esq., attorney for Appellant/Applicant Suburban Propane, LP.

**The motion is DENIED.**

Suburban Propane, LP ("Applicant") seeks approval pursuant to Act 250 criteria for a proposed bulk fuel storage facility (the "Project")[2] located at 134 Taconic Business Park Road in

---

[1]  On January 14, 2021, Benjamin Weiss, Sanfra Weiss, and Weiss Properties, LLC ("Weiss Parties") sold the entirety of their interest in the lands and property immediately abutting the proposed project and thereafter withdrew as parties from this appeal (Docket No. 2-1-20 Vtec) and in the coordinated appeal from a municipal permit determination (Docket No. 124-10-19 Vtec).  The Weiss parties were represented by Allan J. Sullivan, Esq.

[2]  Applicant proposes to construct and install a propane gas storage and distribution facility that includes two 30,000-gallon propane tanks and associated safety and distribution equipment.  The property consists of 2± acres.

*Suburban Propane, LP A250 Denial*, No. 2-1-20 Vtec, slip op. (Vt. Super. Ct. Envtl. Div. Feb. 17, 2021) (Durkin, J.)

the Town of Manchester (the "Property").[3]  Applicant filed an application for an Act 250 permit for the Project which the District # 8 Environmental Commission ("District Commission") denied on December 12, 2009 ("DC Decision").  Thereafter, Applicant timely appealed the DC Decision to this Court.[4]  Presently before the Court is the Vermont Natural Resource Board's ("NRB") motion for partial summary judgment with respect to Question 8 of Applicant's Statement of Questions and request that this matter be partially remanded to the District Commission.

We note here that this appeal is coordinated with a companion municipal permit appeal from the Town of Manchester Development Review Board's ("DRB") decision ("DRB Decision") approving Applicant's permit in connection with the same Project and Property (Docket No. 124-10-19 Vtec).[5]

The NRB is represented by Evan Meenan, Esq.  Applicant is represented by Christopher D. Roy, Esq.  The Town of Manchester is represented by Merrill E. Bent, Esq.

## Factual Background

We recite the following facts solely for the purposes of deciding the pending partial summary judgment motions.  These recitations do not constitute factual findings, since factual findings cannot occur until after the Court has completed a trial.  Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.); *see also* Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14.

1.      Suburban Propane, LP ("Applicant") holds an option to purchase a certain property located at 134 Taconic Business Park Road in the Town of Manchester (the "Property").

---

[3]  Applicant holds an option to purchase the subject Property, which is currently owned by KTM Development Company, LLC.  *See* 10 V.S.A. §§ 85052(5)(A), 8504(a) (giving Applicant standing to appeal the District Commission decision).

[4]  The DRB concluded that the Project did not comply with Act 250 Criteria 8, 9(G), 9(K), or 10, pursuant to 10 V.S.A. § 6086(a).

[5]  In the municipal appeal, the Weiss Parties appealed the DRB's decision to approve Applicant's zoning permit for the placement of two 30,000 propane storage tanks and related infrastructure at the Property.

2.      On May 17, 2019, Applicant filed an application for an Act 250 Permit to construct and use a bulk fuel storage facility consisting of two 30,000-gallon tanks, a driveway, and parking access to the tanks (the "Project") on approximately 2-acres of the Property.

3.      On December 12, 2019, the District 8 Environmental Commission denied Applicant's Act 250 Permit application, concluding the Project did not comply with criteria 8, 9(G), 9(K), and 10, pursuant to 10 V.S.A. § 6086(a).

4.      Applicant timely appealed to this Court.

## Legal Standard

We begin our analysis by reciting the general standard that to prevail on a motion for partial summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" on the legal issues presented. V.R.C.P. 56(a), made applicable here through V.R.E.C.P. 5(a)(2). *See* In re Mountain Top Inn & Resort, 2020 VT 57, ¶ 18, ___ Vt. ___ (*citing* In re Diverging Diamond Interchange SW Permit, 2019 VT 57 ¶ 19. When considering any motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A). However, "[o]nce a claim is challenged by a properly supported motion for summary judgment, the nonmoving party may not rest upon the allegations in the pleadings, but must come forward with admissible evidence to raise a dispute regarding the facts." Lawson v. Halpern-Reiss, 2019 VT 38, ¶ 21, 210 Vt. 224 (*quoting* Gross v. Turner, 2018 VT ¶ 8, 208 Vt. 112).

## Discussion

The NRB's motion seeks partial summary judgment on Question 8 of Applicant's Statement of Questions, which asks: "[m]ay express findings and conclusions under an Act 250 criterion be deferred unilaterally by the decisionmaker if it is determined that another criterion

has not been satisfied?" *See* Appellant/Applicant's Statement of Questions filed Jan. 16, 2020, at 1. The NRB requests that this Court conclude that the District Commission impermissibly refrained from deciding Criterion 7 and permissibly refrained from deciding whether Applicant's Project complied with Act 250 Criteria 1(D) and 5.[6] The NRB further asks that, if this Court concludes that the District Commission impermissibly refrained from Criterion 7, the Court should remand this matter back to the District Commission. *See* Vermont Natural Resource Board's Motion for Partial Summary Judgment on Appellant's Eighth Question on Appeal and Request for Partial Remand filed July 28, 2020, at 1 [hereinafter Partial Summary Judgment Motion].

The NRB argues that the District Commission did not "contain findings of fact and conclusions of law . . . on *all* issues for which sufficient evidence was offered." Partial Summary Judgment Motion at 2 (*citing* Act 250 Rule 30(A)) (emphasis added). The NRB contends that the District Commission permissibly refrained from deciding Criteria 1(D) and 5 due to lack of information. The NRB asserts that if a district commission declines to issue or defers a decision on one or more criteria for a reason other than for lack of sufficient information, then remand is necessary. The NRB maintains that the District Commission's decision to defer ruling on Criterion 7 "because the application is denied on other grounds" necessitates a remand since initial consideration of a proposed project is a function assigned by the Legislature to a district commission. Id. at 4 (*quoting* In re Suburban Propane, LP, Conclusions of Law and Order of Denial of Permit at 11 (Dist. 8 Envtl. Comm'n Dec. 12, 2019) [hereinafter District Commission Decision]); *see also* In re Realty Resources Chartered and Bradford Housing Associates, No. 3R0678-EB,

---

[6] The NRB's motion initially included Criterion 1(B) as a criterion that the District Commission permissibly refrained from addressing. On February 8, 2021, Parties stipulated that Applicant' proposal "complies with Act 250 Criterion 1(B)." *See* Stipulated Resolution of Questions 1 and 7 on Appeal filed on Feb. 8, 2021, at 1. In the stipulation "[t]he parties note that on March 5, 2020 Appellant received authorization to discharge stormwater from Low Risk Construction Activity under Construction General Permit 3-9020 (Amended 2008) entitling it to a presumption of compliance with Criterion 1(B) pursuant to Act 250 Rule 19." Id. As the parties have now stipulated to conformance with Criterion 1(B), we do not address here whether the District Commission permissibly deferred from addressing this issue.

*Suburban Propane, LP A250 Denial*, No. 2-1-20 Vtec, slip op. (Vt. Super. Ct. Envtl. Div. Feb. 17, 2021) (Durkin, J.)

Findings of Fact, Conclusions of Law, and Order, at 2–3 (Vt. Envtl. Bd. Feb. 17, 1994) [hereinafter Realty]).

Applicant counters that the District Commission permissibly deferred a definitive decision on Act 250 Criteria 1(D), 5 and 7. Applicant argues that this Court has authority to review the Application under the relevant criteria on a *de novo* basis. Moreover, Applicant contends that interests in avoiding significant delay and a "procedural ping pong match" outweigh remand. *See* Appellant/Applicant's Memorandum in opposition to the NRB's Motion for Partial Summary Judgment filed on Sept. 24, 2020, at 4 (*citing* In re Sisters and Bros. Investment Group, LLP, 2009 VT 58, ¶ 21, 186 Vt. 103) [hereinafter Applicant's Memorandum in Opposition].

The issue raised here presents this Court with a unique opportunity to provide guidance on the distinction between presenting new arguments and raising new issues on appeal. More specifically, this decision addresses the scope of this Court's *de novo* jurisdiction in an Act 250 appeal where a district commission has refrained from issuing a final decision on specific Act 250 criteria due to lack of sufficient information or because "the application [was] denied on other grounds." *See* District Commission Decision at 7–11.

It is important to note there that this issue has met with inconsistent treatment by both the former Environmental Board ("Board") and this Court. Generally, this Court "gives [Board] decisions the 'same weight and consideration' afforded to the Court's own prior decisions." Snyder Group, Inc. Act 250, No. 107-10-18 Vtec, slip op. 8 n.15 (Vt. Super. Ct. Envtl. Div. May 22, 2019) (Durkin, J.) (*citing* 10 V.S.A. § 8504(m)); Goddard College Conditional Use Goddard College Act 250 Reconsideration, No. 173-12-12 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jan. 6, 2014) (Walsh, J.). The Board is therefore not binding precedent but informs our consideration of similar issues in subsequent cases. 10 V.S.A. § 8504(m); *see* Dover Valley Trail JO #2-233, No. 88-4-06 Vtec, slip op. at 3 n.4 (Vt. Envtl. Ct. Jan. 16, 2007) (Durkin, J.).

In addressing whether the District Commission may defer Act 250 criterion findings and conclusions where its rulings on another criterion is dispositive, we turn first to the statutory obligations imposed upon district commissions.

District Commissions are tasked with "consider[ing] Act 250 permit applications and amendments in the context of the ten statutory criteria" enumerated in 10 V.S.A. § 6086(a). *See* In re Treetop Dev. Co., 2016 VT 20, ¶ 11. Pursuant to Act 250 Rule 21, district commissions may issue a permit "only when positive findings of fact and conclusions of law have been made under all criteria and subcriteria." In re SP Land Co., 2011 VT 104, ¶ 25, 190 Vt. 418 ("It follows, therefore, that findings of fact and conclusions of law on only some criteria—but not all—are not equivalent to a permit."). While issuance of a permit entails all criteria be addressed, there is no express direction regarding whether denial of a permit requires a district commission make conclusions of law on *all* criteria and subcriteria. Indeed, under Act 250 Rule 21(II)(C), the district commission may "[a]t the request of an applicant, or upon its own motion . . . consider whether to review any criterion or group of criteria . . . before proceeding or continuing to review other criteria." 10 V.S.A. § 6086(b) (noting that upon after consideration of specific criteria, the district commission may "either issue its findings and decision thereon, or proceed to a consideration of the remaining criteria"). District commissions are therefore granted some flexibility in addressing Act 250 criteria in the context of permit denials.

This is of particular importance as "circumstances may arise where a District Commission's decision on discrete criteria may help the applicant avoid unnecessary or unreasonable costs." *See* Snyder Group, Inc. Act 250, No. 107-10-18 Vtec, slip op. at 5–6 (Vt. Super. Ct. Envtl. Div. May 22, 2019) (Durkin, J.) (noting that a district commission's partial review order may "defer" its decision on a particular Criterion pending the submittal of an off-site mitigation agreement); *see also* 10 V.S.A. § 6083(d) ("Commissions shall make all practical efforts to process . . . permits in a prompt manner."). Indeed, a district commission's partial review of Act 250 permit project compliance "with respect to any appropriate issue under [any Act 250] criteria or sub-criteria" is permissible "when the District Commission determines that doing so rather than insisting that an applicant present its evidence under all issues raised by all criteria and sub-criteria may 'avoid unnecessary or unreasonable costs.'" In re Appeal of Lathrop Limited Partnership., No. 64-3-06 Vtec, slip op. at 1 (Vt. Envtl. Ct. Mar. 07, 2007) (Durkin, J.) (*citing* Act 250 Rule 21(A)) (addressing a district commission decision that only addressed Criterion 10). The

former Environmental Board also took this approach, deferring action on other Act 250 criteria, when it held a de novo hearing "solely on the issue of compliance with [C]riterion 10." In re Green Peak Estates, 154 Vt. 363, 365 (1990).

Moreover, it is a common judicial principle that where issues are dispositive, the Court need not address remaining tangential issues. *See* In re Times & Seasons, LLC, No. 45-3-09 Vtec, slip op. at 1–2 (Vt. Envtl. Ct. Mar. 29, 2010) (Durkin, J.); In re Rinker's, Inc., No. 302-12-08 Vtec, slip op. at 11 (Vt. Envtl. Ct. Aug. 19, 2009) (Wright, J.) (declining to address the fifth factor assessing fairness under issue preclusion when the third and fourth factors were not met); Cloutier v. Blowers, 172 Vt. 450, 455–56 (2001).

In the Act 250 context, some criteria include an analysis of multiple non-dispositive factors while others contain single dispositive requirements. *Compare* N. E. Materials Grp., 2019 VT 55, ¶ 28 (discussing Criterion 1 as "highly fact-specific" and "compliance with government air standards is an important, but nondispositive, factor") *with* 10 V.S.A. § 6086(a)(8)(A) (requiring that "[a] permit will not be granted" if development imperils necessary habitat or endangered species without undertaking sufficient mitigation); *see* Diverging Diamond Interchange A250, No. 169-12-16 Vtec, slip op. at 22 (Vt. Super. Ct. Envtl. Div. Apr. 16, 2020) (Walsh, J.).

Here, the District Commission's hearing was initially narrowed in scope to address Criteria 1, 5, 9(K), 7, 8, and 10, and was later broadened by the Commission to include 1(B), 1(D), 9(G), and 9(A). District Commission Decision at 4. The District Commission concluded that Criteria 1(D) and 5 required supplemental information and denied the application on other grounds, noting that Applicant is obligated to produce the information should they seek reconsideration. District Commission Decision at 7–11. In addition, the District Commission deferred final judgment on Criteria 7 pending a receipt and review of a petition for reconsideration of permit denial. Id. at 12. The District Commission's stated rationale with respect to Act 250 Criteria 1(D), 5, and 7 are as follows:

> [Criterion 1(D)] "The Project will involve the development or subdivision of lands within a floodway. The record remains incomplete on the question of conformance with criterion 1(D). Because the application is denied on other grounds, the Commission will require resolution of this issue in the event that the applicant

returns to the Commission with a request for reconsideration of permit denial under Rule 31." Id. at 9.

[Criterion 5] "In the instant case, the Commission, unlike the Manchester Development Review Board, concludes that the conditions necessary to achieve conformance (e.g., acquiring lands sufficient to redesign the intersection of Depot Street and the Access Road and other improvements on the access road itself) are not measures available to this applicant, as the applicant does not own or control the real estate necessary to implement the corrective conditions. . . . Should the Commission be visited with a request by the applicant for reconsideration of permit denial under 31, the Commission would require that the petition include documentary evidence that the applicant has achieved sufficient ownership or control over the real estate necessary to implement the measures necessary to achieve conformance." Id. at 10–11.

[Criterion 7] "While project opponents have raised the specter of a boiling liquid, expanding vapor explosion, and has noted a historical fire at the Dorr propane facility, the Commission will, as in its findings and conclusions under criteria 1B, defer final judgment on criterion 7 pending receipt and review of a petition for reconsideration of permit denial, as the fire, police and rescue services are entitled to comment on any proposed modification of the roadway or project design plans. . . . In this case, and because the application is denied on other grounds, the Commission will defer ruling on criterion 7 until such time as the applicant submits – should it elect to do so – a revised project plan pursuant to Rule 31." Id. at 12.

The NRB contends that the District Commission permissibly deferred Criteria 1(D) and 5. In addressing these criteria, the District Commission exercised its authority to, on its own motion, review a group of criteria and issue its findings and decision thereon before proceeding to evaluate or await further information on Criteria 1(D), and 5. 10 V.S.A. § 6086(b). The District Commission also weighed the parties' interests in avoiding unnecessary or unreasonable costs.[7] See Snyder Group, No. 107-10-18 Vtec at 5–6 (May 22, 2019). The District Commission's decision to defer particular criteria for lack of information, while permissible under 10 V.S.A. § 6086(b), also falls under this Court's de novo jurisdiction.

---

[7] The NRB notes in their motion that parties would likely have been delayed at least an additional three months to acquire a stormwater permit, pursuant to Criterion 1(B), which could have given rise to additional sources of litigation causing further delays. Partial Motion for Summary Judgment at 7.

Suburban Propane, LP A250 Denial, No. 2-1-20 Vtec, slip op. (Vt. Super. Ct. Envtl. Div. Feb. 17, 2021) (Durkin, J.)

We turn next to a discussion of *de novo* review. Applicant argues that Criteria 1(D), 5, and 7 are now before the Court in its appellate capacity, regardless of whether the District Commission's decision was an express denial or deferred denial. *See* Applicant's Memorandum in Opposition at 4.

In a *de novo* appeal, this Court is limited in scope to issues raised in the notice of the appeal and reviews the application and supporting materials anew, as if no proceedings have taken place before. 10 V.S.A. § 8504(h); In re Killington, Ltd., 159 Vt. 206, 214 (1992) (*citing* In re Green Peak Estates, 154 Vt. 363, 372 (1990)); In re Taft Corners Assocs., Inc., 160 Vt. 583, 591 (1993) (noting that the Board "has no jurisdiction to decide issues regarding criteria that were not before the district commission and not ruled upon by it"); In re Vermont Gas Systems, 150 Vt. 34, 40 (1988). If, however, an Act 250 criterion is noticed for appeal, "issues generally within the scope of the criterion are properly before the Board." In re Taft Corners, Inc., 160 Vt. at 591 (*citing* Killington, 159 Vt. at 616).

While the Board was inclined towards a narrower reading of scope upon appeal,[8] this Court has held that "parties in a de novo appeal of a District Commission decision before this Court are not limited in their legal arguments to those raised in the proceedings below." In re NE. Materials Group, LLC, No. 35-3-13 Vtec, slip op. at 3 n. 5 (Vt. Env. Ct. July 2, 2013) (Walsh, J.). This Court is, however, limited to considering applications for which a District Commission has "actually conducted a hearing or rendered a substantive determination." In re Irish Const. Application, No. 44-3-08 Vtec, slip op. at 11 (Vt. Env. Ct. April 6, 2009) (citation omitted) (noting that a municipal panel below must have considered or been presented with the issues raised on appeal).

Here, Applicant argues that the District Commission reached an "indecisive conclusion" sufficient to be considered a substantive determination. Applicant also argues that because the criteria were raised in Applicant's Statement of Questions on appeal, the criteria are within the

---

[8] In In re SP Land Company LLC, the Vermont Supreme Court noted that in a prior proceeding, the former Environmental Board determined that it "had appellate jurisdiction to review only those criteria and subcriteria for which the District Commission had made affirmative findings." In re SP Land Co., LLC, 2011 VT 104, ¶ 4, 190 Vt. 418.

scope of the appeal. We agree. The District Commission had the opportunity to review the cited criteria, made factual findings on each criterion, and chose to defer. The Commission also addressed the location of the project in the Special Flood Hazard Area, the proposed fuel tank height requirements, the potential adverse impact on the Battenkill River corridor, and the elements considered in a stormwater construction general permit under Criteria 1(D).[9] Regarding Criteria 5, the District Commission considered the roadway conditions, modeled truck movements for the Project, and noted that the access road did not meet the Town Road Standards. In consideration of Criterion 7, the District Commission detailed the Project opponents' concerns, including boiling liquid and vapor explosion, and stated that the Project would utilize municipal police, fire, and recue services.

While these findings may be restricted, this Court is not limited by the evidentiary record below. In addition, these criteria were noticed for appeal by Applicant and are within this Court's *de novo* authority to review, given that they were the subject of the original application. *See* In re Taft Corners, 160 Vt. at 591 (1993); *see also* In re Bennington Wal-Mart Demolition/Const. Permit, No. 158-10-11 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.) ("[T]he Court can consider arguments by the appealing party raised under all of the Act 250 criteria for which the Court determines the appealing party has party status.").

This conclusion differentiates this Court's practice from that of the former Environmental Board.[10] In Reality Resources Chartered and Bradford Housing Associates, the Board remanded because the District Commission "ha[d] not issued findings of fact and conclusions of law" on

---

[9] While the Parties have stipulated to the project's conformance with criterion 1(B), we note here that the District Commission permissibly deferred to address Criterion 1(B). Similar to Criterion 1(D) and 5, the District Commission reviewed criteria, noting the project's proximity to the Battenkill River and the management practice of bioretention/infiltration trenches, under Criteria 1(B).

[10] The former Board considered its scope to be limited to issues upon which the District Commission made conclusions of law. *See* In re F.P. Elnicki Rutland Storage Trailers, Inc., No. 1R0203-2-WFP, Memorandum of Decision, at 1–2 (Vt. Envtl. Bd. May 28, 1996) (remanding because the District Commission engaged in a partial review outside the context of 10 V.S.A. § 6086(b)); In re Cent. Vt. Pub. Serv. Corp., No. 2W1146-EB and 2S0301-1-EB, memorandum of Decision and Remand Order, at 1–3 (Vt. Env. Bd. Apr. 17, 2003) (remanding because the District Commission never reached the merits of the application as the Commission concluded that the application did not pass the Stowe Club Highlands Test).

Entry Regarding Motion                                                                                              Page **10** of **12**.

*Suburban Propane, LP A250 Denial, No. 2-1-20 Vtec, slip op. (Vt. Super. Ct. Envtl. Div. Feb. 17, 2021) (Durkin, J.)*

Criterion 6. Realty, No. 3R0678-EB, at 2–3 (Vt. Envtl. Bd. Feb. 17, 1994). Indeed, the Board found that the District Commission's "decision d[id] not reflect that failure to do so was based on insufficient evidence related to this issue. Rather, the decision clearly states that the issue is not addressed because of the failure of the project to meet other criteria." Id.

Were we to follow the former Board's precedent in Realty, Criteria 1(D) and 5, which reflect a need for additional evidence, would not be a basis for remand.[11] Criteria 7, however, would merit remand. We decline to follow the Board's reasoning, however, due to the same concerns of efficiency expressed in Bennington. *See* Bennington, No. 158-10-11 Vtec at 6 (Aug. 17, 2012) (stating that an Act 250 permit that was filed more than three and a half years ago was not "speedy, inexpensive or expedited" and remand would ultimately result in the application returning on appeal again); *see also* V.R.C.P. 1 (detailing that our procedural rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."). Indeed, given the history of this litigation, it is certain that this Court be called upon to ultimately make the necessary legal determinations in a subsequent appeal as well, thereby engaging a "procedural ping-pong match." *See* In re Sisters and Brothers, 2009 VT 58, ¶ 14.

The NRB argues that this Court has no jurisdiction to decide issues regarding criteria that were not before the District Commission because it contravenes the role reserved for the District Commissions by the Legislature. We conclude that the NRB mischaracterizes what was before the District Commission and therefore disagree. Here, the District Commission had an application before it that presented an opportunity to review and make conclusions on all the relevant criteria, exercising its statuary role, and utilizing its authority in providing a flexible and discretionary process. Given that procedural history, this Court has the authority to address those same criteria, given that they are referenced in Suburban's Statement of Questions.

---

[11] The former Board's decisions, however, also present inconsistencies in application of this principle. In Pierce K. and Judith M. Crompton, the Board concluded that remand was necessary where a district commission deferred making a conclusion on Criterion 1(B) due to lack of information. In re Pierce K. and Judith M. Crompton, No. 3W0749-EB, Preliminary Rulings, at 4–5 (Vt. Env. Bd. Dec. 18, 1997) ("The District Commission has no authority to issue a permit when substantial information needed to make positive findings is lacking.").

**Conclusion**

For the above reasons, we **DENY** the NRB's motion for partial summary judgment on Question 8 of Applicant's Statement of Questions and **DENY** the NRB's request for a remand. We therefore conclude that criteria 1(D), 5, and 7 are within the scope of this Court's appellate jurisdiction and are subject to our *de novo* review.

The Court arrange for our Clerk to set this matter for a follow-up telephone conference to discuss with the parties how next we may proceed.

Electronically signed on February 17, 2021 at Burlington, VT pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

*Suburban Propane, LP A250 Denial*, No. 2-1-20 Vtec, slip op. (Vt. Super. Ct. Envtl. Div. Feb. 17, 2021) (Durkin, J.)